UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>        Plaintiff,<br><br>        v.<br><br>J.G. WENTWORTH, LLC,<br><br>        Respondent. | Case No. _____ |

**PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND**

On September 11, 2015, the Consumer Financial Protection Bureau (Bureau) issued a civil investigative demand (CID) to J.G. Wentworth, LLC (JGW). The CID was issued as part of a nonpublic investigation to determine whether persons involved in advancing funds in exchange for the rights to future payments from structured settlements or annuities have engaged or are engaging in acts or practices that violate, in relevant part, the Consumer Financial Protection Act of 2010 (CFPA) or any other Federal consumer financial law. The CID requested the production of documents, responses to interrogatories, and written reports.

On October 1, 2015, JGW submitted a petition to set aside the CID, which the Bureau's Director denied on February 11, 2016. After meeting and conferring with Bureau counsel, JGW sent the Bureau a written request to modify the CID. On March 9, 2016, the Bureau granted JGW's request and JGW made three limited productions under the modified CID. JGW now refuses to produce any additional materials. Accordingly, the Bureau petitions this Court for an order requiring JGW to comply fully with the modified CID.

1

In support of this petition, the Bureau has filed a memorandum of law with exhibits and the Declaration of Carmen L. Christopher. In further support, the Bureau alleges:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under § 1052(e)(1) of the CFPA.

2. Venue is proper because JGW resides and transacts business in this District.

## THE PARTIES

3. The Bureau is an administrative agency of the United States. 12 U.S.C. § 5491(a).

4. JGW, a Delaware limited liability company, is located in and transacts business in this District. It received a CID issued by the Bureau on September 11, 2015, related to a nonpublic investigation by the Bureau.

## SERVICE OF THE CID AND JGW'S FAILURE TO COMPLY

5. To determine whether there have been violations of "Federal consumer financial law," § 1052 of the CFPA empowers the Bureau to issue a CID whenever it has reason to believe that any person may have information relevant to a violation. 12 U.S.C. § 5562 (c)(1). A CID issued by the Bureau may, among other things, require the recipient to produce documents, respond to interrogatories, and provide written reports. *Id.*

6. On September 11, 2015, the Bureau served the CID on JGW's counsel by electronic mail, with the consent of counsel. The CID required JGW to produce documents, respond to interrogatories, and provide written reports by October 9, 2015.

7. As required by § 1052(c)(2) of the CFPA, the CID contained a Notification of Purpose apprising JGW of the scope of the Bureau's investigation.

8. Counsel for the Bureau and JGW met and conferred on September 21 and 29, 2015, about the CID in accordance with 12 C.F.R. § 1080.6(c). Bureau counsel agreed to recommend a modification to the CID based on these discussions.

9. On October 1, 2015, JGW submitted a petition to the Bureau to set aside the CID (Petition).

10. On February 11, 2016, the Bureau's Director denied the Petition and directed JGW to produce "all responsive documents, items, and information within its possession, custody, or control that are covered by the CID" within 21 days. The Director also invited JGW to engage in further discussions with enforcement staff about modifying the CID.

11. Subsequently, counsel for the Bureau and JGW discussed proposed modifications to the CID. On March 3, 2016, JGW sent the Bureau a written modification request to limit the documents, information, and data sought by the Bureau and to extend production deadlines.  The Bureau granted JGW's requests in a modification letter dated March 9, 2016. The modification required JGW to produce certain limited materials by March 11, 2016, and to provide data requested through written reports and electronic mail information by May 2, 2016.

12. JGW made three limited productions on March 3, 8, and 11, 2016.

13. On April 26, 2016, JGW's counsel informed the Bureau that JGW would no longer produce documents or other information to the Bureau. On May 6, 2016, JGW confirmed that it would no longer comply with the CID. JGW has neither produced

the requested materials nor otherwise complied with the CID as modified by agreement.

## PRAYER FOR RELIEF

WHEREFORE, the Bureau invokes the aid of this Court and prays:

a. for an order directing JGW to show cause, if there is any, why an order should not be issued directing it to comply with the CID;

b. upon the return of JGW's showing of cause, for an order directing JGW to comply with the CID within ten days of any such order, or at a later date as may be established by the Court or the Bureau; and

c. such other relief as this Court deems just and proper.

Dated: June 6, 2016						Respectfully submitted,

						ANTHONY ALEXIS
						Acting Enforcement Director

						JEFFREY PAUL EHRLICH
						Deputy Enforcement Director

						_____
						CARMEN L. CHRISTOPHER
							Telephone: (312) 610-8961
							Facsimile: (312) 610-8971
							E-mail: carmen.christopher@cfpb.gov
						NAVID VAZIRE
							Telephone: (202) 725-8397
							Facsimile: (312) 610-8971
							E-mail: navid.vazire@cfbp.gov
						MEGHAN SHERMAN CARTER
							Telephone: (202) 435-9165
							Facsimile: (202) 435-7722
							E-mail: meghan.sherman@cfpb.gov
						Enforcement Attorneys
						Consumer Financial Protection Bureau
						1700 G Street, NW
						Washington, DC 20552

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2016, I caused a true and correct copy of the Consumer Financial Protection Bureau's Petition To Enforce Civil Investigative Demand, Memorandum in Support of Petition To Enforce Civil Investigative Demand, Declaration of Carmen L. Christopher and Exhibits in Support of Petition To Enforce Civil Investigative Demand, and the Proposed Order to Show Cause to be served on Respondent J.G. Wentworth, LLC, as follows:

1. by first class mail and by UPS overnight delivery to Respondent's agent for service of process

   J.G. Wentworth, LLC
   c/o National Registered Agents, Inc.
   160 Greentree Drive, Suite 101
   Dover, Delaware 19904

2. by first class mail and by electronic mail to known counsel for Respondent

   Reginald Brown
   Benjamin Neaderland
   Wilmer, Cutler, Pickering, Hale, and Dorr, LLP
   1875 Pennsylvania Avenue NW
   Washington, DC 20006
   reginald.brown@wilmerhale.com
   benjamin.neaderland@wilmerhale.com

   _____
   Carmen L. Christopher
   *Enforcement Attorney*
   Consumer Financial Protection Bureau
   1700 G Street, NW
   Washington, DC 20552
   Telephone: (202) 754-0329
   Facsimile: (202) 435-7329
   E-mail: carmen.christopher@cfpb.gov

   *Attorney for Plaintiff Consumer Financial Protection Bureau*